IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-109-BO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>A 2007 MERCEDES BENZ R350,<br>VIN: 4JGCB65E37A038742, AND ANY<br>AND ALL PROCEEDS FROM THE<br>SALE OF SAID PROPERTY<br>    Defendants. | **O R D E R** |

This cause comes before the Court on plaintiff's motion for summary judgment. [DE 12]. The matter is ripe for ruling, and for the following reasons, plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff filed this action on June 24, 2014, seeking forfeiture of a 2007 Mercedes Benz R350, Vehicle Identification Number 4JGCB65E37A038742 (the subject vehicle), contending that the vehicle was used or intended to be used to transport or facilitate the transportation, sale, receipt, possession, or concealment of controlled substances by a Walter Lee Davis. *See* 21 U.S.C. § 881(a)(4). Mr. Davis, appearing *pro se*, filed a timely claim on October 20, 2014.[1]

On December 18, 2013, Hyde County Deputies Josh Hopkins and Joseph Smith stopped the subject vehicle in Englehard, North Carolina. [DE 1–1]. Deputy Hopkins had received information that a black male known as Bo Jack would be coming from Durham, North Carolina, and transporting narcotics between 5 and 5:30 pm. [*Id.*]. Deputy Hopkins stopped the subject

---
[1] Though Mr. Davis's claim indicates that Frances Delois Walker owns the subject vehicle, Ms. Walker was served with the complaint on September 8, 2014, and filed no response. [DE 10–2].

1

vehicle, which was registered to Durham, and the driver indicated in response to questioning that he used to go by the name of Bo Jack, though his given name was Walter Lee Davis. [*Id.*]. After obtaining consent to search the subject vehicle, Deputy Hopkins identified two grams of "powder cocaine" in a pill bottle located in the center console. [*Id.*]. Deputy Smith assisted Hopkins by placing Mr. Davis in custody for cocaine possession. [*Id.*]. During the arrest, the deputies observed what appeared to be several grams of cocaine that had been dumped on the car and on the ground underneath Mr. Davis. [*Id.*]. He was charged under state law with possession with the intent to sell and deliver schedule II, maintaining a vehicle, tampering with evidence, and possession with intent to sell/deliver schedule VI. [*Id.*].

## DISCUSSION

The government has moved for summary judgment. The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). Once the moving party makes the necessary showing, the opposing party must come forward and produce evidentiary facts to support its contentions. *Barwick v. Celotex Corp.* 736 F.2d 946, 958 (4th Cir. 1984). "[A] party opposing a properly supported Motion for Summary Judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific acts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). An issue is "genuine" if a reasonable jury, based on the evidence, could find in favor of the non-moving party. *Id.* at 248; *Cox*, 249 F.3d at 299. In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences 'in the light most favorable' to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted).

2

Title 21 United States Code § 881(a) subjects property connected to illegal drugs to forfeiture to the United States. This property includes "[a]ll conveyances . . . which are used, or are intended for use, to transport" controlled substances, including cocaine. 21 U.S.C. § 881(a)(4). Under the Civil Assets Forfeiture Reform Act of 2000 (CAFRA), the government must prove "by a preponderance of the evidence" that the property "is subject to forfeiture." 18 U.S.C. § 983(c)(1). The government must also establish by a preponderance of the evidence that there is a "substantial connection" between the property and the criminal offense where, as here, "the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense." 18 U.S.C. § 983(c)(3).

Mr. Davis first argues that the government failed to file its complaint in a timely matter. The government has 90 days within which to file a complaint following the filing of an administrative claim. 18 U.S.C. §983(a)(3)(A). Here, the Drug Enforcement Agency sent written notice of the government's intent to seize the subject vehicle to Mr. Davis on February 12, 2014, and he filed his administrative claim on April 11, 2014. [DE 13–1]. The complaint in this case was filed on June 24, 2014, which is well within the 90 day window. [DE 1]. Accordingly, Mr. Davis's argument that the complaint was untimely fails.

The government argues that because cocaine was hidden and transported in the subject vehicle, it has proven by a preponderance of the evidence that there is a substantial connection between the subject vehicle and the criminal offense of possession and transportation of cocaine. [DE 13]. Mr. Davis, however, submitted a sworn statement stating that he was not in possession of cocaine or any other illegal substance when he was stopped in the car. [DE 18]. The government has not submitted any evidence that the subject was, in fact, cocaine or any other illegal substance. The sole affidavit relied upon by the government in support of its motion does

3

not state that any substance tested positive for cocaine, either at the scene or via a laboratory test. Similarly, the affidavit does not state that Mr. Davis was convicted of any of the charged crimes, which would allow the Court to infer that the substance was cocaine. Accordingly, whether the substance in question was cocaine is a genuine issue of material fact.

As a side note, the Court expresses its concern about whether the forfeiture in this case implicates the Eighth Amendment's Excessive Fines Clause, which is violated where "the forfeiture is grossly disproportional by a preponderance of the evidence" when compared to "the gravity of the offense giving rise to the forfeiture." 18 U.S.C. § 983(g); *see also United States v. Bajakajian*, 524 U.S. 321, 334 (1998). Because the Excessive Fines Clause is an affirmative defense that Mr. Davis has not raised, however, the Court will not further address the issue. 18 U.S.C. § 983(g)(3).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment [DE 12] is DENIED.

SO ORDERED, this 21 day of July, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE