IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-109-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| A 2007 MERCEDES BENZ R350, | ) |
| VIN: 4JGCB65E37A038742, AND ANY | ) |
| AND ALL PROCEEDS FROM THE | ) |
| SALE OF SAID PROPERTY | ) |
| Defendants. | ) |

**ORDER**

This cause comes before the Court on plaintiff's renewed motion for summary judgment. The claimant's response time has elapsed and the matter is ripe for ruling. For the following reasons, plaintiff's motion is granted.

BACKGROUND

Plaintiff filed this action on June 24, 2014, seeking forfeiture of a 2007 Mercedes Benz R350, Vehicle Identification Number 4JGCB65E37A038742 (the vehicle), contending that the vehicle was used or intended to be used to transport or facilitate the transportation, sale, receipt, possession, or concealment of controlled substances by a Walter Lee Davis. *See* 21 U.S.C. § 881(a)(4). Mr. Davis, appearing *pro se*, timely filed a claim on October 20, 2014. The Court denied the government's original motion for summary judgment in an Order dated July 21, 2015. The Court incorporates by reference the background section of that Order here.

In denying summary judgment, the Court found that there was a genuine issue of material fact as to whether the vehicle contained controlled substances, given the claimant's sworn statement denying the possession of illegal drugs and the lack of a lab report regarding the

1

substances found in the vehicle. Following denial of summary judgment, the Court granted the government's motion to extend the time for discovery because it was awaiting a lab report. Upon receipt of that report, which states that the vehicle contained, *inter alia*, approximately 1.68 grams of cocaine and a pill which tested positive for oxycodone, the government renewed its motion for summary judgment.

## DISCUSSION

The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). Once the moving party makes the necessary showing, the opposing party must come forward and produce evidentiary facts to support its contentions. *Barwick v. Celotex Corp.* 736 F.2d 946, 958 (4th Cir. 1984). "[A] party opposing a properly supported Motion for Summary Judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific acts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). An issue is "genuine" if a reasonable jury, based on the evidence, could find in favor of the non-moving party. *Id.* at 248; *Cox*, 249 F.3d at 299. In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences 'in the light most favorable' to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted).

Title 21 United States Code § 881(a) subjects property connected to illegal drugs to forfeiture to the United States. This property includes "[a]ll conveyances . . . which are used, or are intended for use, to transport" controlled substances, including cocaine and oxycodone. 21 U.S.C. § 881(a)(4). Under the Civil Assets Forfeiture Reform Act of 2000 (CAFRA), the

2

government must prove "by a preponderance of the evidence" that the property "is subject to forfeiture." 18 U.S.C. § 983(c)(1). The government must also establish by a preponderance of the evidence that there is a "substantial connection" between the property and the criminal offense where, as here, "the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense." 18 U.S.C. § 983(c)(3).

The government argues that because cocaine was hidden and transported in the subject vehicle, it has proven by a preponderance of the evidence that there is a substantial connection between the subject vehicle and the criminal offense of possession and transportation of cocaine. In the face of a lab report confirming that the vehicle contained both cocaine and oxycodone and the concealment of the cocaine in a pill bottle, the Court agrees. Because there is no genuine issue of material fact, plaintiff's motion for summary judgment must be granted.

As it did in its earlier order, the Court again expresses its concern about whether the forfeiture in this case implicates the Eighth Amendment's Excessive Fines Clause, which is violated where "the forfeiture is grossly disproportional by a preponderance of the evidence" when compared to "the gravity of the offense giving rise to the forfeiture." 18 U.S.C. § 983(g); *see also United States v. Bajakajian*, 524 U.S. 321, 334 (1998). This is particularly true where, as here, the amount of cocaine recovered was under two grams and the claimant was not charged in federal court with any crimes related to the incident for which he is losing his car. Nevertheless, in the face of the evidence before the Court, the government's motion for summary judgment must be granted.

3

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment [DE 27] is GRANTED and the subject vehicle is ordered FORFEITED to the United States for disposal by the United States Marshal according to law.

SO ORDERED, this __7__ day of January, 2016.

*Terrence W. Boyle*

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4