IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-109-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>A 2007 MERCEDES BENZ R350, VIN: )<br>4JGCB65E37A038742, AND ANY AND ALL )<br>PROCEEDS FROM THE SALE OF SAID )<br>PROPERTY, )<br>Defendant. ) | O R D E R |

This matter comes before the Court on *pro se* claimant's motion pursuant to Federal Rule of Civil Procedure 60(b)(1). The government has replied, and the matter is ripe for ruling. For the reasons discussed below, claimant's motion is DENIED. [DE 33].

This case is a civil action brought by the government to forfeit a vehicle used by claimant, Walter Davis, to transport illegal controlled substances. The Court granted the government's renewed motion for summary judgment in the matter in January. [DE 31]. The Court had initially denied the government's motion for summary judgment for want of a lab report regarding the substances found in the vehicle. Having subsequently received the report, which confirmed the presence of 1.68 grams of cocaine and a pill which tested positive for oxycodone, the Court granted the government's renewed motion for summary judgment. [DE 28-1, 31]. Claimant now moves for relief pursuant to Federal Rule of Civil Procedure 60(b)(1).

Federal Rule of Civil Procedure 60(b)(1) permits the Court "on motion and just terms" to relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). However, "before a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to

the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation omitted). For a Rule 60(b)(1) motion to be considered timely, it must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, claimant meets the timeliness requirement, as the order at issue was entered in January 2016. However, plaintiff fails the threshold requirement of a meritorious defense. As the Court found in the summary judgment order, the lab report submitted with the renewed motion for summary judgment confirmed that the vehicle contained both cocaine and oxycodone. [DE 31, 28-1]. The Court finds that claimant has not offered any evidence sufficient to call this conclusion into question. The Court questions claimant's understanding of the lab report and earlier order, as claimant argues multiple times that the amount of cocaine was "one-fiftieth of a gram," which is "too miniscule to be possible evidence of possession with intent to 'manufacture, distribute, or dispense.'" [DE 33-1]. The Court finds no basis for this in the record or law and indeed finds credible evidence to the contrary. [DE 28-1]. In the summary judgment order, the Court found that there was a substantial connection between the subject vehicle and the criminal offense of possession and transportation of cocaine and finds no evidence in the instant motion to warrant revision of its earlier finding. In other words, claimant has failed to establish a meritorious defense.

The Court notes that claimant's argument that the amount of drug weight found in the vehicle was "too small to support the seizure" also fails. Though the Court has previously noted its concern that the instant forfeiture action may implicate the Eighth Amendment's Excessive Fines Clause, taking the law as it is, the Court does not alter its earlier holding.

2

As claimant has failed to satisfy the Rule 60(b)(1) threshold requirements, the excusable neglect argument necessarily fails.[1]

## CONCLUSION

For the reasons discussed above, claimant's motion for relief pursuant to Rule 60(b) is DENIED. [DE 33].

SO ORDERED, this **9** day of June, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, the Court notes that, for purposes of this proceeding, claimant has been *pro se*. Indeed, the attorney whose alleged excusable neglect Mr. Davis now pleads has never entered a notice of appearance in this matter. Despite this, the instant motion has with it an affidavit in support which was purportedly written by a Mr. Aaron Frishberg, attorney, who, along with purported local counsel Travis Payne, claims to have represented Mr. Davis in the forfeiture matter. Though the affidavit is apparently written by Mr. Frishberg, it was signed by Walter Davis. As no notice of appearance has ever been entered, the Court considers Mr. Davis to be unrepresented in this matter.

3